The judgment of the United States Customs Court is reversed. *Reversed* and *remanded*.

UNITED STATES *v.* SHELDON & Co. (No. 2940)[1]

---

[1] T. D. 42484.

United States Court of Customs Appeals, November 14, 1927

*Charles D. Lawrence,* Assistant Attorney General (*Fred J. Carter* and *James R. Ryan,* special attorneys, of counsel), for the United States.

*Thomas L. Stitt* for appellee.

[Oral argument October 13, 1927, by Mr. Carter]

Before Graham, Presiding Judge, and Smith, Barber, Bland, and Hatfield, Associate Judges

Smith, Judge, delivered the opinion of the court:

A metal condenser and pipes, pipe fittings, coils, valves, pan and malleable iron castings therefor, imported at the port of Chicago, were classified by the collector of customs as articles of metal not specially provided for and assessed for duty at 40 per centum ad valorem under that part of paragraph 399 of the Tariff Act of 1922 which reads as follows:

399. Articles or wares not specially provided for * * * if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, * * * whether partly or wholly manufactured, 40 per centum ad valorem.

The importer protested that the condenser with its fittings was a machine or a part thereof dutiable at 30 per centum ad valorem under paragraph 372 of said act which insofar as pertinent reads as follows:

372. * * * all other machines or parts thereof, finished or unfinished, not specially provided for, 30 per centum ad valorem.

The United States Customs Court sustained the protest and the Government appealed.

It appears from the uncontradicted evidence in the case that the condenser and the coils, pipes, connections, and pan are used for the purpose of converting gases into fluids, but that the condenser by itself could not accomplish that result. To make the condenser effective requires the action of a compressor "to shove the gases through" and the complete machine "is really a condenser plus a compressor." The condenser is complete, but it can not be used by itself and is not a complete machine. To make a complete machine the condenser must be connected with a compressor. The condenser is designed for condensing ammonia, but to make it effective the action of a compressor and the action of water over the condenser is needed. The condenser is an ammonia condenser which will not "work on steam" and can not be connected with all machines requiring a condenser.

William E. Creger, a witness for the importer, testified that the invoice covers the condenser and its connections, and that the con-

nections, valves, and pipes, when in place, serve to convey the gases to be condensed from the compressor to the condenser.

The uncontradicted evidence in the case clearly establishes that the condenser, pipes, connections, valves, and fittings imported are *at least* parts of an ammonia gas condensing appliance, and that once connected with the compressor they constitute a complete machine. Therefore, even if the condenser and its parts do not constitute by themselves a machine, they are parts of a machine for the condensing of ammonia gas and are, consequently, dutiable at 30 per centum ad valorem as held by the Customs Court.

The judgment of the United States Customs Court is *affirmed*.