UNITED STATES *v.* VAN BOURGONDIEN BROS. (No. 3106)[1]

United States Court of Customs Appeals, November 30, 1928

*Charles D. Lawrence*, Assistant Attorney General (*James R. Ryan* and *Oscar Igstaedter*, special attorneys, of counsel), for the United States.

*Allan R. Brown* for appellee.

[Oral argument October 4, 1928, by Mr. Igstaedter and Mr. Brown]

Before GRAHAM, Presiding Judge, and BLAND and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

A metal sterilizing apparatus, designed and used for the purpose of sterilizing flower bulbs, was assessed for duty by the collector as a manufacture of metal at 40 per centum ad valorem under paragraph 399 of the Tariff Act of 1922, which reads as follows:

PAR. 399. Articles or wares not specially provided for, if composed wholly or in chief value of platinum, gold, or silver, and articles or wares plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 60 per centum ad valorem; if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 40 per centum ad valorem.

The importer contends that the imported article is a machine and dutiable as such at 30 per centum ad valorem under paragraph 372.

The apparatus is described by the only witness in the case as follows:

The article consists of a steam boiler with a main lead for steam to a large vat in which is a coil in the bottom, and the steam from the boiler—steamer—from the steam boiler goes through regulating valves to the coil in the bottom of the

vat, and heats the water in that vat in order to bring it up to a certain temperature for sterilizing bulbs.

The court below held that the imported article was a machine and dutiable as such under paragraph 372. The Government, on appeal to this court, claims that the apparatus does not come within the definition of a machine as announced by this court in the case of *Simon, Buhler & Baumann (Inc.)* v. *United States*, 8 Ct. Cust. Appls. 273, T. D. 37537. It was there held that a machine is a "mechanical contrivance for utilizing, applying, or modifying energy or force, or for the transmission of motion."

The contention of counsel for the Government is stated in their brief as follows:

According to the importer's own witness, there are no wheels or gears on this apparatus. (R. 7.) It is therefore difficult to conceive how an article having no modifying parts can come within the term "machine" as defined by this court. We contend that the sterilizing apparatus as an entity is not a "machine" nor are any of its constituent parts "machines" or "parts of machines."

The imported article consists of a steam boiler, a large vat containing a metal coil, and a lead, to which are attached four regulating valves extending from the boiler to the coil in the vat. When the apparatus is in operation, the vat contains water and the flower bulbs to be sterilized. Steam generated in the boiler passes through the lead and the regulating valves to the coil in the vat and heats the water. The flow of steam is controlled by the four regulating valves, and, in this manner, the temperature of the water is regulated and controlled.

We are of opinion that the article in question comes within the definition of a machine. It not only generates energy, but it modifies, utilizes, and applies it.

We are unable to agree with the contention of counsel for the Government that, in order to come within the definition of a machine, an article must have wheels or gears. See *United States* v. *Janson Co.*, 16 Ct. Cust. Appls. 315, T. D. 43075, where a radio receiving set was held to be a machine.

We are of opinion that the court below reached the right conclusion, and its judgment is *affirmed*.