(C. D. 99)

UNITED AMERICAN BOSCH CORP. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided February 10, 1939)

*Puckhafer & Rode* (*George J. Puckhafer* of counsel) for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Richard E. Fitz-Gibbon*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation of gas appliances and gas pilots. Duty was levied thereon at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for. It is claimed that said articles are properly dutiable at the rate of 27½ per centum ad valorem under paragraph 372 of said act as parts of machines not specially provided for.

A sample of the imported merchandise was admitted in evidence as Exhibit 1. A diagram with a typewritten statement showing the mode of operation of the imported articles is in evidence as Illustrative Exhibit A. A second diagram showing the heater part of the appliances united together with the tank of the entire apparatus of which the imported merchandise is part was admitted in evidence as Illustrative Exhibit B.

In addition to the exhibits the plaintiff offered in evidence the testimony of a single witness, Lewis Beeh, vice president of the plaintiff corporation. No evidence was introduced by the Government.

After identifying the sample, Exhibit 1, the witness testified that the articles represented by said exhibit were imported as parts of a so-called water tank heater. The witness proceeded to testify as follows:

By Mr. Puckhafer:

Q. Now I will ask you what force or energy actuates this device?—A. Actuated by water pressure. The apparatus is operated by water pressure, and more particularly by an arrangement whereby the water runs by venturi and causes a partial vacuum in one part of the chamber, while the water pressure then actuates a diaphragm and opens the gas valve, and then, of course, heats the water as water continues to run through the system.

Q. In other words, the water pressure itself causes all these things to move?—A. Causes all these interrelated operations.

Cross-examination by Mr. Fitzgibbon:

X Q. Isn't it a fact that this venturi is nothing more than the natural physical phenomena caused by hot water being on one side and cooler water being on the other side of the diaphragm?—A. That is not true; the water on the membrane is cold water all around. Hot water never touches the membrane or diaphragm.

X Q. Well, will you explain why the pressure on one side of the membrane is greater than the pressure on the other?—A. Because of the venturi action. If water or any air pressure is drawn by a venturi, a suction is created in the venturi chamber and, therefore, the venturi chamber is a lower pressure than the other chamber, which initiates the partial vacuum. In other words, it is a similar situation as you have in a carburetor or garden sprayers.

X Q. Is this water furnished by putting into the heater under pressure?—A. Yes; house pressure; any pressure 30 or 40 pounds; whatever you have.

X Q. Referring to Fig. 1 on Illustrative Exhibit B, particularly referring to "H," which is the membrane and the opening into the chamber, "J," on both sides of the membrane from the inlet "A," you say that is the venturi?—A. This is the venturi (indicating). This crosses the lower chamber. When it is a higher pressure is chamber "J"—by the time water starts to flow through here, this pressure is normal water pressure and this is lower pressure.

X Q. Is that nothing more than normal phenomena?—A. It is not normal phenomena if you don't create a venturi.

X Q. Every time you have a venturi, which is merely an opening with a membrane, with water going in one direction, you create a venturi, don't you?—A. Yes, sir.

Upon the entire record, including the exhibits, we are satisfied that the imported articles are essential parts of a complicated mechanical contrivance which is operated by the force of water pressure and as such properly dutiable at the rate of 27½ per centum ad valorem under said paragraph 372 as parts of machines not specially provided for, as alleged by the plaintiff.

*Atlantic Forwarding Co. et al.* v. *United States*, Abstract 9655, 56 Treas. Dec. 807; *Todd Shipyards Corp.* v. *United States*, Abstract 25031, 64 Treas. Dec. 853; *Ruud Manufacturing Co.* v. *United States*, T. D. 43416, 55 Treas. Dec. 808; *Gane & Ingram* v. *United States*,

T. D. 46072, 62 Treas. Dec. 748; *United States v. Sheldon & Co.*, 15 Ct. Cust. Appls. 308, T. D. 42484; *United States v. Moore & McCormack Co.*, 15 Ct. Cust. Appls. 322, T. D. 42489; *United States v. Van Bourgondien Bros.*, 16 Ct. Cust. Appls. 420, T. D. 43135; *United States v. Janson Co.*, 16 Ct. Cust. Appls. 315, T. D. 43075.

That claim is therefore sustained, but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.